**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

PEDRO RAMOS, CATALINA RAMOS,
as an individual and as Guardian Ad Litem
for K.R., minor; THE FAIR HOUSING
COUNSEL OF SAN DIEGO, INC.,

          Plaintiffs - Appellants,

  v.

FRITZ NEUMANN, DBA El Camino 76
Mobile Estates; G. N. SELLERS, III, DBA
N.A.P. Consulting Inc.; ADELE TEAL,

          Defendants - Appellees.

No. 09-56981

D.C. No. 3:08-cv-00026-JM-JMA

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Jeffrey T. Miller, Senior District Judge, Presiding

Argued and Submitted February 16, 2011
Pasadena, California

Before: ALARCÓN, RYMER, and BYBEE, Circuit Judges.

    Plaintiffs-Appellants Pedro and Catalina Ramos ("the Ramoses") appeal on

behalf of themselves and their minor daughter, K.R., the district court's judgment

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

that Defendants-Appellees ("Neumann") did not violate the Ramoses' rights to "reasonable accommodation" under the Fair Housing Act Amendments ("FHAA"), 42 U.S.C. § 3604(f), when they refused to permit the Ramoses to install a trampoline for the benefit of K.R., who is autistic. We affirm.

Under our precedent in *Giebler v. M & B Associates*, 343 F.3d 1143 (9th Cir. 2003), the Ramoses bear the burden of establishing causation between the requested accommodation, the trampoline in this case, and treatment of K.R.'s autism. *Id.* at 1155–56. The Ramoses then must demonstrate that installation of the trampoline is "possible" or "seems reasonable on its face." *Id.* at 1156. Only after the Ramoses make these showings does the burden shift to Neumann to prove that the accommodation is not reasonable. *Id.* at 1157–58.

The district court properly applied the *Giebler* test. It held that the Ramoses did not carry their burden of proving causation between K.R.'s use of the trampoline and treatment of her autism-related behaviors. Although the district court's analysis could have ended here, it went on to conduct a full inquiry into the reasonableness of the trampoline and found that the danger that trampolines pose to young children meant that it would be unreasonable to require Neumann to permit installation of a trampoline.

The evidence in the record supports the district court's conclusions, and the Ramoses fail to show any clear error. In finding no causation between K.R.'s trampoline use and treatment of her autism, the district court relied upon testimony from the defense's expert, Dr. Gretsch, who noted that K.R.'s school records showed continual improvement in her principal problem areas affected by her autism—socialization and communication skills—even after she no longer had use of the trampoline. The Ramoses argue that the district court erred in crediting the testimony of Dr. Gretsch because she never personally examined K.R. A district court's decision to credit a witness who presents plausible and coherent testimony, however, cannot constitute clear error in itself. *See Conrad v. United States*, 447 F.3d 760, 768 (9th Cir. 2006) ("[W]hen a trial judge's finding is based on his decision to credit the testimony of one of two or more witnesses, each of whom has told a coherent and facially plausible story that is not contradicted by extrinsic evidence, that finding . . . can virtually never be clear error." (quoting *Anderson v. City of Bessemer*, 470 U.S. 564, 575 (1985))). We further note that the Ramoses' own expert, Dr. Roe, conceded that there was "not very much" scientific evidence showing that "self-stimulatory activities" like trampoline use are effective in treating autism.

The evidence also supports the district court's finding that trampolines are dangerous to young children, making it unreasonable to require Neumann to permit the Ramoses to install one. In making this finding, the district court relied on Dr. Gretsch's testimony, along with articles from a newspaper and a scientific journal. The Ramoses argue the district court erred by crediting these sources and by disregarding the fact that the Ramoses had used the trampoline for nearly three years without incident. This is not a showing of clear error, but a request for us to reweigh the evidence—a request which we are compelled to decline. *See id.* ("If the district court's account of the evidence is plausible in light of the record viewed in its entirety, [we] may not reverse it even though convinced that had [we] been sitting as the trier of fact, [we] would have weighed the evidence differently." (quoting *Anderson*, 470 U.S. at 573–74)).

While the Ramoses' personal experience may indicate that the trampoline was helpful to K.R., that is not sufficient to carry their burden. Because the district court's findings are not implausible and are supported by evidence in the record, there is no clear error.

AFFIRMED.